**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**EIAN D. WARMA, individually**
**and on behalf of others similarly**
**situated,**

**Plaintiff,**

**v.**

**NBTW, INC.,**

**Defendant.**                                        **No. 09-cv-144-DRH**

**ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand. (Doc. 20). Defendant timely filed a Response. (Doc. 27). Plaintiff timely filed a Reply. (Doc. 29).

This case is a putative class action pursuant to the Illinois Consumer Fraud Act, **815 ILCS § 505/1 *et seq.*,** and for unjust enrichment. (Doc. 9-2). Plaintiff claims that Defendant deceived Illinois purchasers of its "Ester C" product regarding the product's benefits. (Doc. 9-2). The class is defined as "all persons and entities in Illinois that purchased Ester C[,] but not for resale, on or before January 22, 2004 up to present." (Doc. 9-2). The Parties are in agreement that this class excludes wholesales. (Docs. 20, 27).

Defendant removed this case pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1332(d)(5) and 28 U.S.C. § 1453(a), all part of the Class Action Fairness Act of 2005 ("CAFA"). (Doc. 9). Neither the Parties nor the Court has identified any other

basis for federal subject matter jurisdiction over this case.  The Parties agree, and the Court finds no reason at this time to dispute, that the parties to this case are diverse and that the putative class numbers more than 100 persons. (Docs. 20, 27). The dispute in this case concerns the amount in controversy.  Plaintiff contends that Defendant fails to show that the amount in controversy satisfies CAFA's requirements.  Defendant, of course, argues to the contrary.

## II.  LEGAL STANDARDS

CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." **28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a)**.   Further, CAFA states that it "shall apply to any class action before or after entry of a class certification order by the court with respect to that action." **28 U.S.C. § 1332(d)(8)**.  The statute defines the term "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action."   **28 U.S.C. § 1332(d)(1)(C) (emphasis added)**.  The jurisdictional component of CAFA states, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . ." **28 U.S.C. § 13312(d)(2)**.

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,***

**985 F.2d 908, 911 (7th Cir. 1993)**.  Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.  *See In re Brand Name Prescription Drugs Antitrust Litig.,* **123 F.3d 599, 607 (7th Cir. 1997)**.  The removing party bears the burden of proving by a preponderance of the evidence that the elements of the Court's jurisdiction are met. *Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 543 (7th Cir. 2006**).  If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

### III.  ANALYSIS

In support of the Notice of Removal, Defendant submitted an affidavit from its President/Chief Financial Officer.   (Doc. 9-3).  In the Affidavit, Defendant's CFO attested that (a) the retail price of Ester C exceeds its wholesale price; and (b) that based on Defendant's records of wholesales in Illinois, the retail sales of its product "since January 2004" exceeded $5, 000,000.  Thus, Defendant argued, including actual damages, punitive damages, and attorneys fees, the amount in controversy exceeds $5,000,000.

In the Motion to Remand, Plaintiff takes issue with Defendant's assertions in the Notice of Removal.  Plaintiff's principal argument is that Defendant's  affidavit fails to "plausibly" explain how it reached an amount in controversy exceeding $5,000,000.  Plaintiff argues that there is no foundation for Defendant's assertion in the affidavit because Defendant does not provide the data underlying the calculations

that translate its Illinois wholesale sales into retail sales. Thus, because the putative class expressly excludes wholesales, Defendant fails to meet its burden of proof of showing that the retail sales exceed $5,000,000.

In support of its Response to Plaintiff's Motion to Remand, Defendant submits another affidavit from its President/CFO. (Doc. 27). In the affidavit, Defendant's president reiterates that its records for wholesale sales to customers in Illinois extrapolate to at least $3,116,069.86 in retail sales. Defendant also had $581,917.03 in direct retail sales to Illinois customers and another $2,169,047.11 in Illinois retail sales derived from Defendant's collection of retail sales data from its out-of-state customers that sell in Illinois. Added together, those sales total $5,868,034.00 over a time period of January 2004 until March 2009. Defendant argues that all of those sales are at issue given Plaintiff's claims for disgorgement of profits and compensatory damages for the amount paid for Defendant's product. Additionally, Defendant points out that Plaintiff seeks statutory attorneys fees and, potentially, punitive damages. Defendant's assertion that Plaintiff will seek punitive damages is based upon the phrase in the Complaint that seeks "other relief available at law."

In the Reply, Plaintiff again argues that Defendant fails to shoulder its burden of proof on the issue of the amount in controversy. (Doc. 29). Specifically, Plaintiff argues that the number Defendant extrapolates from its wholesale sales should be excluded because the putative class does not include wholesales and because there is no foundation for Defendant's extrapolation of the wholesales into retail sales. Plaintiff also points out that the time-frame for Defendant's reported sales figures do

not exactly correlate to the time period for the putative class, i.e., January 22, 2004 through February 25, 2005.

The Court finds that Defendant provides sufficient proof to show that the amount in controversy in this matter plausibly exceeds $5,000,000. Thus, removal of this putative class action is proper pursuant to CAFA. Regarding Plaintiff's argument that the time periods for Defendant's numbers do not precisely line up with the putative class time period, the Court finds that the few weeks of difference between the two is not material in the absence of evidence to the contrary. That finding leads to Plaintiff's next argument.

While Defendant does not provide the math that underlies its extrapolation of its wholesale sales into retail sales, Defendant's sworn affidavit on the matter is sufficient at this stage-especially considering that Plaintiff's own damages numbers are virtually absent. *See Oshana v. Coca-Cola Co.*, **472 F.3d 506, 511 (7th Cir. 2006) (in absence of allegations in Complaint regarding the amount in controversy, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence")**. The Court finds Defendant's numbers plausible. Moreover, in the absence of any countervailing evidence, the Court finds that the Defendant's President's affidavit supports Defendant's numbers by a preponderance of the evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 541-542 (7th Cir. 2006) (proponent of federal jurisdiction may establish amount in controversy through employee or expert affidavits)**. That

said, the Court would still find the amount in controversy satisfied even if the amount extrapolated from Defendant's wholesale sales was not included because the Complaint's language strongly suggests that Plaintiff seeks or will seek punitive damages in this matter.

"Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount. *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Further, "[i]f punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id*.

A prayer for relief in Plaintiff's Complaint seeks, in part, damages and "such other relief allowed by law." (Doc. 9-2). In the count pursuant to the Illinois Consumer Fraud Act, Plaintiff accuses Defendant of willful, wanton and intentional conduct. The Illinois Consumer Fraud Act provides for punitive damages. **815 ILCS § 505/10(a)**. Taken together, those elements strongly suggest that Plaintiff now seeks or will amend the Complaint to expressly claim punitive damages. Under those circumstances, the Court is entitled to consider potential punitive damages as part of the amount in controversy as Defendant argues. *See Oshana*, 472 F.3d at **512 (taking punitive damages into account in determining amount in controversy because "although the complaint was silent about punitive damages, the [Illinois Consumer Fraud Act] permits recovery of punitive damages, and**

**[plaintiff] could have amended her state court complaint to seek a punitive damages award.")**.

It is far from "legally certain" in this case that Plaintiff will be unable to recover the requisite jurisdictional amount.  Plaintiff certainly has not disavowed that possibility in either the Complaint or any of its pleadings before this Court.  Thus, even taking away the numbers Defendant extrapolated from its wholesale sales in Illinois, the Court finds the amount in controversy is more likely than not met based upon (a) Defendant's retail sales and (b) the potential punitive damages.

### IV.  CONCLUSION

In sum, the Court finds that Defendant meets its burden of proof regarding the jurisdictional amount in controversy and that, for now, the Court's subject matter jurisdiction is satisfied.  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2009.


/s/   David R Herndon
**Chief Judge**
**United States District Court**